**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Deshaun Cade,<br><br>Plaintiff,<br><br>vs.<br><br>M.P. Giesler, F.K. Bowdoin, Judge Shanese Cunningham, Hobart Lewis,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 6:26-cv-00011-TMC<br><br>**ORDER** |

Plaintiff Deshaun Cade, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging various constitutional violations connected to his pending state criminal charges. (ECF No. 1). Plaintiff seeks an order from this court dismissing his pending state charges, releasing him from state custody, and awarding him money damages. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), reviewing the complaint pursuant to the *in forma pauperis* statute, which permits dismissal when an action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The magistrate judge determined that this action ought to be summarily dismissed for numerous reasons: (1) most of the relief Plaintiff seeks—such as having his state criminal charges dismissed and being released from state custody—is unavailable in a § 1983 action; (2) the court should abstain from interfering with still-pending state criminal charges pursuant to *Younger v. Harris*, 401 U.S. 37 (1971); (3) Defendant Judge Shanese Cunningham is entitled to judicial immunity from the allegations in this action; (4)

Plaintiff fails to assert allegations against Defendant Sheriff Hobart Lewis showing his personal involvement in the alleged constitutional violations; and (5) Plaintiff has failed to state a claim for relief under the Fourth Amendment, the Double Jeopardy clause, or the Fifth Amendment. (ECF No. 23 at 4–12). The magistrate judge, therefore, recommended the court dismiss this action with prejudice, without leave to amend, and without issuance and service of process for failure to state a claim. *Id*. at 12. The Report was mailed to Plaintiff's address on record with the court. (ECF No. 24). Having received the Report, Plaintiff filed an "Objection to the [Report]," stating in its entirety: "The state court does not in any way care about federal rights, nor does it give any chance to be heard or address any issues for anyone for any reason." (ECF No. 25).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead

must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 23) and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
August 14, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.